# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CRIMINAL ACTION NO. 3:14-CR-00001

UNITED STATES OF AMERICA                                                                               Plaintiff,

v.

NORMAN DWIGHT PARKER                                                              Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Norman Dwight Parker's motion in limine. (Docket No. 47.) Parker seeks to exclude any reference to officers' prior knowledge of him, as well as the details of any prior felonies. The Government has responded, (Docket No. 48), and Parker has replied, (Docket No. 49). Fully briefed, this matter is ripe for adjudication. For the reasons explained below, Parker's motion will be GRANTED IN PART and DENIED IN PART.

### Analysis

**I.    Evidence of prior felony convictions**

This matter is set for jury trial on July 23, 2014, on the charge of possession of a handgun by a convicted felon. Parker has agreed to stipulate to the fact that he is a convicted felon. He first requests that the Court bar the Government from introducing any evidence regarding the nature of his past felony offenses, including a prior federal conviction for possession of a firearm. Parker alleges that this information would unduly prejudice him. (Docket No. 47 at 1.) The Government responds that should Parker stipulate to his status as a felon, it will not introduce additional evidence regarding the specifics of his prior convictions in its case in chief.

(Docket No. 48 at 1.) The Government acknowledges, however, that should Parker testify at trial, it may seek to introduce evidence of his prior convictions in order to impeach his testimony.

Federal Rule of Evidence 609(a) allows for impeachment of witnesses by evidence of a conviction of a crime. When conviction of a crime punishable by either death or imprisonment for more than one year is used to attack a witness's character for truthfulness, that evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its potential effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The Sixth Circuit has established several factors to be weighed when analyzing whether to admit evidence of a prior conviction, including the prior crime's impeachment value; the time of conviction and the defendant's subsequent history; the similarity of the past crime to the charged crime; the importance of the defendant's testimony; and the centrality of the credibility issue. *United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (quoting *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967)).

The Sixth Circuit has warned that every felon-in-possession case involves a prior conviction, and that the Court must carefully consider the significance of such prior convictions to ensure their relevance. *United States v. Kemp*, 546 F.3d 749, 763 (6th Cir. 2008). The Court has not been made aware of the nature and content of Parker's testimony, or whether he intends to testify at all. Therefore, the Court cannot yet determine whether Parker's previous conviction of possession of a firearm satisfies the balancing test articulated above. The Court further notes that federal practice requires the prosecution to prove that the balance of factors weighs in favor of admitting a prior conviction not involving dishonesty or false statement. *See, e.g.*, *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985), *cert. denied* 475 U.S. 1023 (1986). Bearing this principle in mind, the Court will grant Parker's motion regarding this issue at this time.

## II. Evidence of conviction for tampering with physical evidence

The Court must next consider the admissibility of Parker's previous conviction for tampering with physical evidence. The Federal Rules of Evidence provide that a witness's character for truthfulness may be attacked by evidence of a conviction "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). A district court has no discretion to exclude a crime of dishonesty or false statement from evidence. *United States v. Rodriguez*, 409 Fed. App'x. 866, 869 n.2 (6th Cir. 2011).

On November 15, 2004, Parker was convicted in the Jefferson County Circuit Court of three counts of tampering with physical evidence and was sentenced to five years' imprisonment for each count. The Government contends that if Parker testifies, this conviction must be admitted, as it implicates Rule 609(a)(2). The Court disagrees.

The advisory committee notes on the Federal Rules of Evidence explain that crimes of "dishonesty and false statement" include "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Fed. R. Evid. 609 advisory committee's note. These offenses share a common thread: in each, the witness deliberately committed acts of falsification with an eye toward deceit. "It is this essential characteristic that makes these crimes probative of a witness' propensity to testify truthfully." *United States v. Cameron*, 814 F.2d 403, 405-06 (7th Cir. 1987); *see also* Fed. R. Evid. 609 advisory committee's note (explaining that *crimina falsi* generally include only those crimes "in which the ultimate

criminal act was itself an act of deceit). As the note explains, "Evidence of all other convictions is inadmissible under this subsection, irrespective of whether the witness exhibited dishonesty or made a false statement in the process of the commission of the crime of conviction." *Id.*

As defined by Kentucky law, tampering with physical evidence does not necessitate "proving—or the witness's admitting—a dishonest act or false statement." *See* Fed. R. Evid. 609(a)(2).[1] Although some tampering offenses may indeed involve deceit or false statement, some may not. For example, the statute embraces the act of hiding contraband when approached by a police officer. *See, e.g.*, *Phillips v. Commonwealth*, 17 S.W.3d 870, 876 (Ky. 2000); *Burdell v. Commonwealth*, 990 S.W.2d 628, 633 (Ky. 1999). Reprehensible as such crimes may be, they do not necessarily include a suggestion of falsification.

Parker's tampering conviction does not justify the inference that he has a propensity to lie and will perjure himself. Therefore, the Court declines to permit impeachment questioning on the basis of Parker's prior conviction of tampering, as this crime does not involve a dishonest act for purposes of Federal Rule of Evidence 609(a)(2).

---

[1] Kentucky law provides that a person is guilty of tampering with physical evidence:

> when, believing that an official proceeding is pending or may be instituted, he:
>
> (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding; or
> (b) Fabricates any physical evidence with intent that it be introduced in the official proceeding or offers any physical evidence, knowing it to be fabricated or altered.

Ky. Rev. Stat. § 524.100.

### III. Evidence of officers' familiarity with Parker

Parker also asks the Court to preclude the officers from indicating that they were familiar with him through any prior legal dealings. (Docket No. 47 at 1.) He argues that such references are irrelevant pursuant to Federal Rule of Evidence 402, and that the danger of unfair prejudice and confusion of the issues they raise substantially outweighs any probative value per Rule 403.

The Government has agreed to refrain from eliciting detailed information in its case-in-chief regarding law enforcement officers' previous interactions with Parker that developed their familiarity with him, as well as the fact that such knowledge was partially obtained through his prior arrests or convictions. (Docket No. 48 at 4.) However, the Government contends that certain officers' familiarity of with Parker is relevant to their identification of him as the person who possessed the firearm at issue. Moreover, the Government argues that much of the officers' familiarity with Parker resulted from non-criminal interactions with him in the Victory Park area. The Court agrees that the Government can elicit such general information without reference to Parker's prior arrests and convictions, mitigating the danger of unfair prejudice. Therefore, the Court will deny Parker's motion regarding this information.

**Conclusion and Order**

For the reasons articulated above, and the Court being sufficiently advised, IT IS ORDERED that Parker's motion in limine, (Docket No. 47), is GRANTED IN PART and DENIED IN PART.